IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEITHA L. HOWLAND,
CHRISTOPHER GENE ROGERS,
    Plaintiff,

vs.                                Case No. 3:08cv197/LAC/MD

STATE OF FLORIDA, et al.
    Defendants.

## **REPORT AND RECOMMENDATION**

This cause is before the court upon a civil rights complaint under 42 U.S.C. § 1983. Although there were two plaintiffs named on the complaint form, Keitha Howland and Christopher Gene Rogers, only Keitha Howland, the mother of the defendant, has signed the form. No motion for leave to proceed *in forma pauperis* was filed, although plaintiff's mother has submitted a "financial affidavit." Submission of a proper motion to proceed *in forma pauperis* will not be required at this time as dismissal of this case is clearly warranted.

The plaintiffs purport to sue the State of Florida, Assistant State Attorney Amanda Gordan, Investigators James Wells and Tony Wasden of the Okaloosa Sheriff's Department, attorney Michael Flowers, and the Okaloosa County Department of Corrections. The allegations of the complaint appear to be primarily related to ongoing criminal proceedings against plaintiff Rogers in Okaloosa County, although inappropriate medical treatment is also mentioned. The only relief requested is "immediate release" and dismissal of charges against plaintiff Rogers.

Insofar as plaintiffs seek an order affecting the ongoing state proceeding in his case, the complaint must be dismissed. Federal Courts cannot intervene in ongoing criminal

proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *see also*, *Hicks v. Miranda*, 422 U.S. 332, 349 *(1975); Luckey v. Miller,* 976 F.2d 673 (11th Cir. 1992).  "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See *id*. Because the state proceedings are still pending, the claims and allegations raised in the instant complaint should be presented to that tribunal.

In addition, a claim seeking release from confinement is not properly brought pursuant to § 1983.  The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); *McKinnis*, 693 F.2d at 1057.  However, 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court, and it is clear from the procedural posture of plaintiff Rogers' case that this has not been done.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed as the court does not have jurisdiction over the plaintiffs' claims.

At Pensacola, Florida, this 19th day of May, 2008.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:08cv197/LAC/MD*